# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 462 WAL 2015 |
| | : | |
| Respondent | : | |
| | : | |
| | : | Petition for Allowance of Appeal from |
| | : | the **Unpublished Memorandum and** |
| v. | : | **Order** of the Superior Court at No. 1319 |
| | : | WDA 2014 exited October 27, 2015, |
| | : | **affirming** the Order of the Allegheny |
| RICKY LEE OLDS, | : | County Court of Common Pleas at Nos. |
| | : | CP-02-CR-0006857-1979 and CP-02- |
| Petitioner | : | CR-0007090-1979 exited July 15, 2014. |

## ORDER

**PER CURIAM**

**AND NOW**, this 25th day of February, 2016, the Petition for Allowance of Appeal is **GRANTED** on the issue of whether Petitioner's sentence violates the prohibition against mandatory life sentences for juvenile offenders announced by the Supreme Court of the United States in Miller v. Alabama, 567 U.S. ___, 132 S. Ct. 2455 (2012). As a result of the recent holding by that Court that Miller must be applied retroactively by the States, see Montgomery v. Louisiana, 2016 WL 280758 (U.S. Jan. 25, 2016), the Superior Court's order is **VACATED**, and the case is **REMANDED** for further proceedings consistent with Montgomery. Allocatur is **DENIED** in all other respects.

To the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the Post Conviction Relief Act extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. See 42 Pa.C.S. § 9545(b)(1)(iii).

Petitioner's Petition for Permission to File Amended Petition for Allowance of Appeal is **DENIED**.

Justice Eakin and Justice Donohue did not participate in the consideration or decision of this matter.